## THE STATE *v.* JOHN KENTUCK, a slave.

Where the record shows an appointment by the Court of an attorney to defend the accused, the Supreme Court will not inquire whether such attorney has been duly licensed to practice law.

In an indictment against a slave under the 54th section of the Act of June 7, 1806, it is not necessary to charge the intent with which the act was done.

On the trial of slaves in the tribunals established for that purpose, the law does not require an observance of the technical rules which regulate criminal proceedings in the higher Courts.

APPEAL from Justices Court, Parish of Jefferson. *Marks*, for appellant. *Attorney General*, for the State.

CAMPBELL, J. This appeal is taken from a sentence of death pronounced against *John Kentuck*, a slave, by a tribunal of the parish of Jefferson, composed of Justices of the Peace and slaveholders, organized under the act of June 1st, 1846, "relative to trials of slaves."

The accused is charged with having on the 20th November, 1852, in the parish of Jefferson, made a violent and felonious assault with a knife on one *L. A. Dimur*, a white man, and with grievously and wilfully wounding, beating and cutting him.

The counsel who conducts the defence in this Court, urges a reversal of the judgment on the ground that, although the record shows the appointment by the Court, of the first instance, of an attorney to defend the accused, yet that the fact is not as stated—the person appointed never having been licensed by this Court.

This is a matter into which we cannot inquire. The record states that an attorney was assigned the prisoner, and we must presume that an attorney of the Court was appointed.

It is next assigned as error that the information exhibited by the District Attorney does not follow the Statute, in charging the intent with which the act was done.

This was not necessary. The accusation was not framed nor was the prisoner convicted either under the 6th section of the Act of 1843, or the 3d section of the Act of 1814, which prescribe penalties for assaults with the intent to kill, but under the clause of the 54th section of the Act of June 7, 1806, which denounces the death penalty against "any slave who shall have grievously and wilfully wounded or mutilated any white person."

The law moreover does not demand on the trial of slaves, in the tribunals established for that purpose, an observance of the technical rules which regulate criminal proceedings in the higher courts. "A brief statement of the accusation in writing," is all that is required, and the Act of 1846, under which this prosecution was conducted, expressly declares that "no proceedings had in accordance with it, shall be annulled or impeded by any error of form."

The last allegation of error is, that "the Court that tried the accused was without jurisdiction."

The counsel has not seen proper to state why the Court was without jurisdiction, or are we able to discover his reason. The record shows that the offence charged was committed by a slave, in the parish of Jefferson, and that the tribunal which tried him sat in that parish, and was constituted in conformity with the law "relative to the trial of slaves."

Judgment affirmed.